## ELKANAH PIGG v. ANDERSON YATES.

### SAME v. AMOS DEATHRIDGE.

### SAME v. SOCRATES PARRISH.

**Attachment — Grounds — Affidavit — Bond — Exemption.**

The allegation that the defendant had departed from this State with the intent to defraud his creditors is a ground for an attachment, and the allegation that the defendant had voluntarily left the county of his residence and had gone into a Confederate State and had remained there for more than thirty days is also grounds for an attachment.

**Same — Affidavit Before Sale of Land.**

Before real estate can be ordered sold under an attachment the plaintiff must file an affidavit to the effect that the defendant has no personal property or not enough thereof to satisfy the debt.

**Same — Bond.**

There must be a bond executed, as required by section 440 of the Civil Code, to the defendant for restoring the property to him should it turn out that the attachment was wrongfully sued out, before an attachment can be issued.

**Same — Wife Entitled to Exempt Property of Her Husband.**

The wife having been left in the possession of the property had the right to protect and defend it for her husband, and her claim of its exemption from attachment made in her answer should have been respected.

APPEAL FROM MADISON CIRCUIT COURT.

June 13, 1866.

OPINION OF THE COURT BY JUDGE MARSHALL:

The appellee in each of these three cases (which have been heard together) obtained attachments against Pigg. In the two first cases the attachments were general and were levied upon the land

as well as some of the personal estate of Pigg, both of which were sold under order of the court and the proceeds distributed between the two plaintiffs according to the priority of their attachments. In the case of Parrish the attachment was against the personalty alone which was sold, applied to the plaintiff's demand, together with debt due from Willis for property of Pigg's which had been purchased by Willis from the wife of Pigg in his absence.

It is suggested in argument that there is no sufficient ground made out for either of the attachments; but in each of the two first-named cases this, among other things, alleged in the petition that the defendant had departed from this State with intent to defraud his creditors, which is itself a ground for an attachment (Civil Code, § 221), and in the case of Parrish it is substantially alleged that the defendant had voluntarily left the county of his residence and gone into the Confederate States and remained there voluntarily for more than thirty days, and these respective allegations are sufficiently established by proof.

There is not, however, in either of the two first-named cases an affidavit as required by section 251 of the Code, before making an order for the sale of real estate attached, to the effect that the defendant has no personal property, or not enough to satisfy the debt, in this State known to the affiant. Nor was a bond executed in either of the two cases, as required by section 440, for restoring to the defendant on the conditions mentioned in said section the property taken, etc. The judgment, therefore, in the case of Yates v. Pigg and that in the case of Deathridge v. Pigg is deemed erroneous, because each judgment was rendered without the affidavit and bond required as above. But in the case of Parrish v. Pigg the bond required by section 440 was, in fact, executed before the judgment was rendered, and as no real estate was attached or sold in that case the requisition of section 251 does not apply. It is suggested, however, that property exempted by law from execution and attachment was taken and sold under the attachment of Parrish, which seems to have been actually the case. And as it is to be fairly inferred from the facts that Pigg, who appears to have departed from the State upon a trading expedition, leaving his wife at his residence, and never entered into the service of the Confederate States, that he did not intend to abandon his residence here or to become a citizen of another State, we,

think he is entitled to the benefit of the exemption so far as his wife retained and claimed the exempt property of her husband, and used or converted it into money for her own use and support, as may have been the case with respect to the horse sold to Willis and the note for its price. Mrs. Pigg having been left in possession of this property had the right to protect and defend it for her husband, and her claim of its exemption from attachment made in her answer should have been respected. In ordering it to be sold the court erred to the prejudice of Pigg.

For the error pointed out in each of the cases the judgment in each case is reversed, and the cause remanded for further and appropriate proceedings, in which as Pigg has by his appeal appeared in each of the actions he will be entitled, within a reasonable time to be fixed by the court, to file the same pleading that he might have filed in the Circuit Court had he appeared in that court after the judgment and before the appeal, and with the same effect.